Linda WALKER, a single woman,
Plaintiff—Appellant,

and

Maria Luisa Jimenez, a single
woman, Plaintiff,

v.

VALUE OPTIONS, INC., a Virginia
corporation, Defendant—
Appellee.

No. 03–16936.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Linda Walker, Phoenix, AZ, pro se.

Russell A. Kolsrud, Esq., Norling, Kolsrud, Sifferman, Svejda and Davis, P.L.C., Phoenix, AZ, Warren David Harless, Christian & Barton LLP, Richmond, VA, for Defendant–Appellee.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Linda Walker appeals pro se the district court's summary judgment in favor of ValueOptions, Inc. ("ValueOptions"), in her discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1).[1] Walker contends that she was denied a promotion for which she was qualified due to discrimination based on her race, gender and/or age. Walker is an African–American woman who was over 40 years old when she sought the pro-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In her complaint, Walker also sought relief under the Arizona Civil Rights Act. On appeal, Walker seeks relief only under Title VII.

motion. The district court found that ValueOptions established a legitimate, non-discriminatory reason for not promoting Walker and that Walker produced no evidence that ValueOptions' stated reason was pretextual. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

Even if Walker presented sufficient evidence of her qualification for the position to establish a prima facie case, *see Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir. 2002) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)), summary judgment was still appropriate. Walker failed to produce sufficient direct or specific and substantial circumstantial evidence that ValueOptions' proffered reason for failing to promote her was pretextual. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062 (9th Cir.2002).

Each of the four candidates that ValueOptions hired for the open positions possessed educational credentials superior to those of Walker, who did not possess a post-secondary degree. This evidence satisfies ValueOptions' burden of presenting a legitimate nondiscriminatory reason for its decision. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1289 (9th Cir.2000). "[We] will not second-guess the selection criteria used by an employer" where, as here, the plaintiff does not even challenge the criteria as having a disparate impact on a protected class. *Id.* (citing *Cotton v. City of Alameda,* 812 F.2d 1245, 1349 (9th Cir.1987)).

Walker had the burden to produce direct or specific and substantial circumstantial evidence to show that the ValueOptions' non-discriminatory reason for not promoting her was pretext for discrimination. *Villiarimo,* 281 F.3d at 1062. Walker's assertion that ValueOptions did not seek to interview minority applicants until she complained of discrimination is not supported by the record. Evidence that ValueOptions was willing to promote a candidate to a different position even though that candidate did not possess the educational credentials required for the position is not substantial evidence that ValueOptions' stated preference for degree-holding candidates over Walker for the position she sought was pretext for discrimination. Because Walker failed to produce evidence that could show that ValueOptions' reasons for selecting the other candidates were pretextual, summary judgment is appropriate.

To the extent that Walker appeals the additional claims outlined in her complaint, we affirm summary judgment for ValueOptions on those claims for the reasons stated by the district court.

AFFIRMED.